UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Matthew McDonald,
    Petitioner

    v.                                   Case No. 17-cv-329-SM
                                          Opinion No. 2018 DNH 154

United States of America,
    Respondent

**O R D E R**

Petitioner, Matthew McDonald, seeks relief under the provisions of 28 U.S.C. § 2255. Petitioner argues that the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive in Welch v. United States, 136 S. Ct. 1257 (2016), invalidates the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and Section 924(c) (prohibiting the use of a firearm during or in relation to any "crime of violence" 18 U.S.C. § 924(c).

The Government concedes that McDonald would qualify for relief on his ACCA claim under ordinary circumstances, but suggests that the claim need not be resolved in this case, given the "concurrent sentence doctrine" (McDonald is also serving an unchallenged concurrent life sentence for carjacking). As for McDonald's § 924(c) claim, the Government seeks dismissal on

grounds that it is untimely.  For the reasons discussed below, Petitioners motion is granted in part, and stayed in part.

**Analysis**

1.   The Concurrent Sentence Rule

McDonald was convicted in 1997 of numerous crimes including: robbery, conspiracy to commit robbery, carjacking, felon in possession of a firearm, and use of a firearm during a crime of violence.  He was sentenced to life in prison.  The Government correctly points out that, even granting petitioner the relief he seeks, neither his term, nor the conditions of his imprisonment, will change: he will remain in prison, serving a life sentence.  Accordingly, the government takes the view that the concurrent sentence doctrine counsels against resolving the limited claims raised in McDonald's petition.

The concurrent sentence rule provides that a sentencing error is harmless if a defendant will not spend less time in prison even if that error were corrected, because he is serving a concurrent sentence of the same or greater length for another conviction which was not challenged.  While the rule remains viable in this circuit, our Court of Appeals is "aware of the disfavor that the Supreme Court cast upon the concurrent sentence rule in Benton v. Maryland, 395 U.S. 784 (1969)."

2

Vanetzian v. Hall, 562 F.2d 88, 90 (1st Cir. 1977).  The Supreme
Court has acknowledged that the concurrent sentence rule may
have "some continuing validity as a rule of judicial
convenience" but, that equal concurrent sentences do not present
a jurisdictional bar to review.  Benton, 395 U.S. at 791, 793.
The Court noted that in a situation where a future successful
challenge to one sentence would require review of the sentence
presently challenged, it is "certainly preferable" to conduct
the review now, rather than later.  Id. at 793.  In this case,
while a future successful challenge to McDonald's carjacking
sentence is unlikely, still, it seems preferable to resolve his
pending claims made now, rather than invoke the convenience of
the concurrent sentence rule.

2.   Challenge to Sentence under 18 U.S.C. § 924(e) (ACCA)

McDonald first challenges his sentences on two counts of
being a Felon in Possession of a Firearm, imposed pursuant to
the ACCA, 18 U.S.C. 924(e)(2)(B).  That statute prescribes a
minimum sentence of fifteen years and a maximum sentence of life
in prison for a defendant with three prior "violent felony"
convictions.  At the time of McDonald's sentencing, a prior
conviction qualified as a predicate "violent felony" if it was
for "burglary, arson or extortion, [or] involve[d] use of

explosives" (referred to as the "enumerated crimes clause"); "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," (referred to as the "elements clause"); or if the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another" (referred to as the "residual clause"). 18 U.S.C. § 924 (e)(2)(B)(i)-(ii). In Johnson v. United States, the Supreme Court struck down the residual clause of § 924(e)(2)(B) as unconstitutionally vague. 135 S. Ct. at 2563. Therefore, if any of McDonald's three prior "violent crime" convictions can satisfy the residual clause, but not the elements or the enumerated crimes clause, of § 924(e), then his current sentence is necessarily invalid, and McDonald is entitled to relief.

At sentencing, the court adopted the presentence report (PSR) and determined that McDonald was an Armed Career Criminal, based on predicate Massachusetts convictions for Armed Robbery; Manslaughter; and Assault and Battery with a Dangerous Weapon. McDonald argues, and both the Government and United States Probation Office agree, that at least one of these convictions does not qualify as a "violent felony" under the elements clause of the ACCA. See Gov. Objection (document no. 7) at 1 n.1; U.S. Probation Memo (document no. 4) at para. 1. Specifically, the court of appeals for this circuit has authoritatively determined

that a Massachusetts Armed Robbery conviction does not qualify as a predicate violent felony under the ACCA. See United States v. Starks, 861 F.3d 306, 322 (1st Cir. 2017). McDonald, then, does not have three qualifying violent felony convictions, and the ACCA sentence enhancement was inapplicable to him.[1] Accordingly, the motion for sentence relief under Johnson is necessarily granted. McDonald's affected sentences will be reduced to the low end of the correctly calculated applicable Guideline Sentencing Range, and a revised judgement reflecting that modification shall issue.

3. Challenge to Conviction Under 18 U.S.C. §924(c)

Petitioner also challenges his two convictions for use of a firearm during a crime of violence (18 U.S.C. § 924 (c)). The Court of Appeals for the First Circuit granted petitioner leave to file this second § 2255 petition because his ACCA claim satisfied the prerequisites set out in 28 U.S.C. §2255(h)(2). McDonald v. United States, No. 16-1870 (1st Cir. July 14, 2017) (ECF document no. 1-1). However, the court took "no position whatsoever" with respect to whether petitioner could properly

---

[1] Because determining that McDonald's Armed Robbery conviction is not an ACCA predicate is sufficient to conclude that he is entitled to relief, it is unnecessary to examine his other convictions with respect to the ACCA.

5

raise Johnson claims challenging his § 924(c) sentence. Id. (quoting United States v. MacDonald, 641 F.3d 596, 615 (4th Cir. 2011) (taking position that the district court should "more closely scrutinize each claim and dismiss those that are barred under [§2255(h)]") (internal quotations omitted).

A second or successive petition may be certified for district court consideration if it is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Petitioner does not directly demonstrate that his § 924(c) challenge meets the requirements of § 2255(h)(2). He argues, instead, that Johnson's holding invalidating the residual clause of the ACCA, made retroactive in Welch, necessarily requires that the similarly worded residual clause found in § 924(c)(3) be struck down.

As previously discussed in earlier cases in this district (in the context of § 2255(f), the statute of limitations), Johnson does not clearly announce a new rule of constitutional law invaliding § 924(c)'s similar residual provision, because "a substantial number of capable jurists have reasonably determined after careful analysis that Johnson does not require invalidation of § 924(c)'s residual clause." Rawnsley v. United States, Case No. 16-cv-190-SM, 2016 WL 6407843 at *1 (D.N.H.

Oct. 28, 2016) (quoting Kucinski v. United States, Case No. 16-cv-201-PB, 2016 WL 4926157 at *9 (D.N.H. Sept. 15, 2016)).

The law, however, continues to evolve. The Supreme Court recently applied Johnson to strike down the residual clause used to define a "crime of violence" under the provisions of 18 U.S.C. § 16(b). Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018). And, the dissent in Dimaya noted that § 16(b)'s definition of a crime of violence is identical to the definition found in § 924(c)(3). 138 S. Ct. at 1241 (Roberts, C.J., dissenting). While Chief Justice Roberts "express[ed] no view on whether 924(c) can be distinguished from [§ 16(b)]," id, at least two circuit courts of appeals have concluded that the language used in the two statutes is indistinguishable, and so have held the residual clause aspect of § 924(c) unconstitutionally vague. See United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018) (holding § 924(c) unconstitutionally vague based on Dimaya); see also United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016) (a pre-Dimaya case holding § 924(c) unconstitutionally vague based on circuit precedent applying Johnson).

It is likely that our court of appeals will soon clarify whether Johnson is retroactively applicable to § 924(c) in light of Dimaya. This court's decision in Rawnsley, (holding that

7

Johnson does not invalidate § 924(c)), is pending appeal in the First Circuit, and that proceeding was stayed pending the Supreme Court's decision in Dimaya.  Because the issues raised in Rawnsley are substantially similar to those presented here, it seems appropriate to await a controlling decision in Rawnsley.  There can be no prejudice to petitioner or the government occasioned by a reasonable delay since petitioner will not be entitled to release even if he should eventually prevail.  Accordingly, McDonald's challenge to his conviction under 18 U.S.C. § 924(c) is stayed pending the Court of Appeals' decision in Rawnsley v. United States, No. 16-2321.

## Conclusion

For the forgoing reasons, McDonald is presently entitled to relief from his sentences imposed based in part on the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  The extent of Johnson's application to § 924(c) will likely be resolved authoritatively by the Court of Appeals in the Rawnsley case.  Accordingly, McDonald's petition to vacate and correct his sentence imposed under the ACCA is GRANTED, and his motion to vacate his conviction under § 924(c) is STAYED pending resolution of Rawnsley v. United States, No. 16-2321 (1st Cir. 2016).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 31, 2018
cc: Donald A. Kennedy, Esq.
    Seth R. Aframe, AUSA